UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN BAYERLEIN,<br><br>        Plaintiff,<br><br>v.<br><br>DeWALT INDUSTRIAL TOOL CO., *et al.*,<br><br>        Defendants. | Civil No. 12-cv-1270-L(WMc)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

      On April 6, 2012, Kevin Bayerlein commenced this action against defendants in the Superior Court of the State of California, in and for the County of San Diego.  Plaintiff alleges three claims: negligent products liability, strict product liability and breach of implied warranty arising out an injury allegedly caused by defendants' product, a Chop Saw. On May 24, 2012, defendants filed a notice of removal, removing this action to this Court.  The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441.

      For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the San Diego Superior Court.

//

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Although there has not been a request to remand, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   ANALYSIS

In attempting to invoke this Court's diversity jurisdiction, defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been

met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  And the defendants "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendants fail to satisfy that requirement.  *See* 42 U.S.C. § 1332.

Here, plaintiff seeks general and special damages for medical expenses, loss wages and impaired earning capacity. A precise value for the amount in controversy is not given in the complaint.

In their notice of removal, defendants assert on information and belief the amount in controversy exceeds $75,000.  Defendants indicate that statements from plaintiff's medical providers totals $35,691.43. With respect to other amounts in question, defendants do not provide any concrete values or evidence that a particular value may contribute to exceeding the jurisdictional threshold.

### III.   CONCLUSION & ORDER

In light of the foregoing, the facts presented in the notice of removal do not meet the burden of establishing removal jurisdiction. The sole values to support defendants' removal amount to $35,691.43. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Therefore, the Court **REMANDS** this action to the Superior Court of the State of California, in and for the County of San Diego, Central Division, Case No. 37-2012-00095247-CU-PO-CTL Superior Court.

**IT IS SO ORDERED**.

DATED: June 14, 2012

_____
M. James Lorenz
United States District Court Judge

///

///

1  COPY TO:

2  HON. WILLIAM McCURINE, JR.
   UNITED STATES MAGISTRATE JUDGE
3

4  ALL PARTIES/COUNSEL